KERR MANUFACTURING COMPANY,
A Michigan Corporation, and George
M. HOLLENBACK, Plaintiffs,

v.

WHIP-MIX CORPORATION, A Kentucky Corporation, Defendant.

Civ. A. No. 3012.

United States District Court
W. D. Kentucky, Louisville Division.

May 22, 1957.

Clarence B. Zewadski, of Whittemore, Hulbert & Belknap, Detroit, Mich., Arthur Robert, Louisville, Ky., for plaintiffs.

Frank Zugelter and Joseph A. Rave, Cincinnati, Ohio, Cyril C. Sehlinger, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action was instituted September 27, 1955, by the Kerr Manufacturing Company, a Michigan corporation, and George M. Hollenback, a resident of California, as plaintiffs, against the Whip-Mix Corporation, a Kentucky corporation, alleging infringement of United States Letters Patent No. 2,453,914.

This patent was issued to George M. Hollenback November 16, 1948, upon an application filed April 10, 1944. On February 10, 1953, plaintiff Hollenback granted to Kerr Manufacturing Company an exclusive license under the patent in suit; among the granted rights under the license being one authorizing Kerr Manufacturing Company to join Hollenback as a party plaintiff in any action involving infringement.

By its answer, the Whip-Mix Corporation denied the validity of the patent and affirmatively alleged that Hollenback was not the originator or inventor of same and that all of the invention disclosed in the two claims of the patent was disclosed, known and used by others prior to the filing of the application by Hollenback, and that all of the material and substantial parts comprising the patent were shown and described in prior patents dating back as far as 1919. The defendant sought a judgment declaring the Hollenback patent invalid and void, and prayed that plaintiffs' claim for infringement be dismissed.

An amended answer and cross-claim was filed March 12, 1956, pleading laches on the part of the plaintiffs in not proceeding promptly on their claims for infringement after charging defendant, in writing, with infringement July 30, 1951.

The case was tried to the Court September 20, 1956. Counsel have filed suggested findings of fact and conclusions of law; have furnished the Court with a 370-page transcript of evidence heard at the trial and many exhibits, some of which, particularly the file wrapper of the Hollenback patent, are voluminous.

This case, in the opinion of this Court, adds another example illustrating the wisdom of Judge Simon in Cleveland Punch & Shear Works Co. v. E. W. Bliss Co., 6 Cir., 145 F.2d 991, 999, to the effect that a patent case yields nothing to a tax case in posing a problem dealing with a subject that is highly specialized and so complex as to be the despair of judges.

The Court makes the following findings of fact and conclusions of law.

### Findings of Fact

(1) George M. Hollenback, on November 16, 1948, upon an application filed April 10, 1944, became and has since been the owner of the legal title to United States Letters Patent No. 2,453,914. On February 10, 1953, by a writing, Hollenback granted to plaintiff Kerr Manufacturing Company an exclusive license under the patent, granting to Kerr the right to make, use, and sell the patented device and to join Hollenback as plaintiff in any suit brought by Kerr against an infringer.

(2) The patent in suit, entitled "Device for Mixing Plaster Compound and Mixtures," is admittedly an assembly of old elements into an allegedly new combination claimed to perform new functions and obtain new results. Hollenback admits that all of the elements in the combination are old.

Claim 1 of the patent is representative of the second claim and reads as follows:

"1. A device of the character described including a mixing bowl having a discharge opening and in which a relatively stiff plastic mix is placed, a cover to seal said bowl, a rotatable paddle in the bowl conforming to the interior of the same, means to smooth the mix in ribbon streams during agitation caused by rotation of the paddle, means to maintain the sealed bowl under sub-atmospheric pressure, a flask in sealing engagement with the bowl and aligned with discharge opening, and separate means to vibrate the bowl to discharge the mixed material therefrom into the flask while the bowl is still under sub-atmospheric pressure."

The description of the patent in suit is thus stated in the suggested findings of fact submitted by plaintiffs' counsel:

"The object of the invention is to provide a device capable of forming a relatively stiff plaster mixture which is substantially free from air and is smooth and dense in character, with the result that when the plaster is used for molding purposes, the casting will have a smooth dense surface, free from pits and other imperfections. (Col. 1, lines 11–17.)

"As specifically shown in the Hollenback drawings, there is a bowl, having a discharge opening in its bottom. A cover is provided for the bowl. A rotatable shaft passes through the center of the cover and has mounted on that portion within the bowl, a paddle conforming to the inner surface of the bowl. That portion of the shaft above the bowl is provided with a kerf so that it may be engaged by the shaft of some motor to rotate the shaft and paddle attached thereto for agitating the material in the bowl. The cover has a passageway therethrough effecting communication with the interior of the mixing bowl. A hose leading from some vacuum pump is joined to this passageway so that the air may be exhausted from the bowl. Also shown in the drawings in its simplest embodiment is a means for vibrating the bowl. This is shown to be a weight mounted off center on the cover. A kerf is provided at the outer end of this weight so that it may be rotated by some motor shaft. As the weight is mounted off center, when it is rotated, it vibrates the bowl to discharge the stiff plastic material through the discharge opening. A former or base pin is provided which carries a sprue pin. On this sprue pin is mounted the wax inlay pattern to be invested. A flask or ring is placed on the base, surrounding the sprue pin and pattern. The upper end of the flask is placed in contact with the bowl and surrounds and is in alignment with the discharge opening of the bowl. The bowl and former disclosed in the patent, are made of rubber and gaskets are also provided where necessary so that when the elements are assembled and the air is exhausted, the cover, flask and former are held in sealing engagement with the bowl.

"The operation of the device is as follows:

"The dentist has prepared the wax pattern for the inlay and has mounted it on the sprue pin which is mounted in the base or former. The discharge opening of the bowl is first plugged with a stop-

per. Thereafter the proper amount of powder and water are placed in the bowl and preliminarily worked with a spatula until the water is absorbed by the powder. As the material is relatively stiff or viscous it will not flow and the stopper is removed. The bowl is then brought into pressure engagement with the cover. The flask is then moved into end engagement with the bowl and in alignment with the discharge opening. The base or former carrying the sprue pin and pattern is then brought into engagement with the other end of the flask. The hose from the vacuum pump is then connected with the passage through the cover. The pump then exhausts the air from the device causing all of the parts to be drawn together in sealing engagement. While the vacuum is being maintained, the shaft carrying the paddle is engaged by a shaft driven by some motor whereby the mixture is further worked by the rotation of the paddle to liberate the entrapped air in the mix and to exhaust this air from the device. Thereafter, while the device is still under subatmospheric pressure, the motor is disconnected from the paddle shaft and the off center weight is engaged by the shaft of some motor so that the bowl will be vibrated thereby causing the stiff mixture to pass through the discharge opening into the flask and invest the pattern. The vacuum is then broken and the flask and base or former are removed from the assembly. After the material has set in the flask, the base and sprue pin are separated from the flask. The wax pattern is then melted out of the investment material, providing a mold for the inlay to be cast."

(3) The alleged infringing device or devices of the defendant are fairly described by plaintiffs' counsel in the proposed findings of fact and are substantially:

There is provided a bowl, cover, a paddle in the bowl mounted on a shaft through the cover, a passageway through the cover communicating with the inside of the bowl to permit the drawing of a vacuum, a flask and former and a discharge opening for the bowl. These portions of the combination are sold by the defendant under its trademark "Vac-U-Spat." Defendant's assembly provides a single compact motor for operating the vacuum pump, rotating the paddle and including mechanism for vibrating the bowl. This motor unit is sold by defendant under the trademark "Vac-U-Vestor." Defendant's assembly differs from the patent in suit and plaintiff Kerr's device in that the discharge opening for the bowl is a small opening through the cover, at its outer edge, rather than through the wall of the bowl. The flask and former in the defendant's device is aligned with this opening, so that when the bowl and flask are inverted and vibrated, the material will discharge from the bowl into the flask and invest the pattern. As the bowl and cover of the "Vac-U-Spat" are made of hard plastic material, defendant provides gaskets between the assembled parts, so that when air is exhausted from the assembly, the various parts are drawn together and sealed to one another.

The evidence is clear that, although the specific embodiment is shown by the drawings of the patent in suit, plaintiff Kerr's commercial device, and defendant's accused device vary to some degree in details of structure, yet all three perform the same work in substantially the same way and accomplish the same result.

■ (4) This Court finds that the Hollenback patent disclosed nothing new insofar as patentable invention is concerned; finds that the patent is invalid, and is an assembly or aggregation of mechanisms with no new or different function or operation from that originally performed by each separate mechanism, all of which separate functions were known and practiced long prior to the filing of Hollenback's application in 1944.

A mixing bowl having a discharge opening, a cover to seal the bowl, a rotatable paddle, a means to smooth the mixture in ribbon streams, a means to maintain the sealed bowl under subatmospheric pressure, a flask in sealing engagement with the bowl and aligned with the bowl's discharge opening, and a

means to vibrate the bowl for discharging its contents into a flask during the occurrence of the vacuum are, each and all, embodied and taught by prior patents: the Davidson patent No. 1,325,004 and the Brophy patent No. 1,030,868 are examples.

(5) The uniting of vibration and ejection means in a unitary structure constitutes an aggregation, each performing an old function in substantially the same old way. Whitman v. Andrus, 6 Cir., 194 F.2d 270, 274, 276. The Court also said in that case, "There was no invention in applying this timed vibration to material of differing constituency once the principle of vibration was understood * * ."

■ (6) Having found as fact that the Hollenback patent is invalid, it is unnecessary to decide whether the defendant's device or devices constituted infringement. If the Court finds the patent invalid, it then becomes unnecessary to discuss the question of infringement. General Motors Corp. v. Estate Stove Co., 6 Cir., 203 F.2d 912.

### Conclusions of Law

(1) This Court has jurisdiction of the parties to this action and of the subject matter, Title 28, Section 1338(a), United States Code Annotated.

(2) In 1944, in the case of Cleveland Punch & Shear Works Co. v. E. W. Bliss Co., 6 Cir., 145 F.2d 991, it was said that the presumption of validity inhering in a patent grant was a presumption not accorded great weight, and that strict tests of invention in recent decisions of the Supreme Court, at that time, had made that presumption a "faint one."

Then in 1950, the Supreme Court, in the case of Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 129, 95 L.Ed. 162, enjoined upon the trial courts the duty to scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. An analysis of the patent in suit leaves this Court unable to make any finding that the old elements which make up this device performed any additional or different function in the combination than they each performed out of the combination. The Supreme Court said in the Supermarket case, supra, "the key to patentability of a mechanical device that brings old factors into cooperation is presence or lack of invention."

In Whitman v. Andrus, 6 Cir., 194 F.2d 270, it is pointed out that applying vibration to a mold containing a mixture under sub-atmospheric pressure disclosed no invention, and that the uniting of vibration and ejection means in a unitary structure was but an aggregation and likewise involved no invention.

(3) Considerable evidence was directed to the defendant's offering for sale together its "Vac-U-Spat" and its "Vac-U-Vestor" as if this bore some significance. It is immaterial whether the motor used in dental casting is a part of the molding device or is separate and apart therefrom. The Court has not grasped the significance or importance of that factor (offering for sale in combination the molding device and the motor) in this case. In the Cleveland Punch & Shear Works Co. v. E. W. Bliss Co., supra, the Court said that the coupling of a motor that will run any kind of a machine to a machine that will run with any kind of a motor is not invention. To the same effect is 69 C.J.S. Patents § 68, page 299.

Certainly, aspirating systems providing a source of suction for vacuum creation or for creation of rarefied air conditions were old in 1948, and the function they performed in dental casting is in no wise different from that performed in other and older uses.

(4) The Hollenback patent, No. 2,453,-914, is invalid and void for want of invention.

### Conclusion

In view of the foregoing findings of fact and conclusions of law, the Court concludes that the plaintiffs' claims of infringement are without legal significance because the patent in suit has been adjudged invalid. It is unnecessary to determine the question of infringement by the defendant's device or devices.

The complaint should be dismissed and the defendant adjudged its costs in this proceeding. A judgment so providing will be tendered by defendant's counsel, on notice to counsel for plaintiffs, within ten days from the date hereof.